**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>SHARON BENITA JAMES,<br><br>Debtor. | **NOT FOR PUBLICATION**<br><br>Chapter 7<br><br>Case No. 24-11630 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

*A P P E A R A N C E S:*

**DAVID A. GALLO & ASSOCIATES LLP**
*Attorneys for Movant Federal National Mortgage Association*
47 Hillside Avenue, 2nd Floor
Manhasset, NY 11030
By:     Robyn E. Goldstein, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the *Motion for Relief from Automatic Stay Regarding Real Property* (EFC Doc. No. 44) (the "Motion") filed by Federal National Mortgage Association (the "Movant") seeking relief from the automatic stay with respect to the real property located at 330 W 145th St, Unit PH2, New York, NY 10039 (the "Property"). The Property is the listed address of debtor Sharon Benita James (the "Debtor"). No opposition to the Motion has been filed.

## I.     BACKGROUND

On October 8, 2024, the Debtor filed a Chapter 7 Voluntary Petition for Individuals (the "Petition," ECF Doc. # 1). In the Petition, the Debtor listed the Property as her address. The Debtor listed one creditor in the Petition, Nationstar Mortgage LLC. (Petition at 10.) The Debtor later filed her Schedule A/B (ECF Doc. # 8), in which she claimed to own no property

and listed no creditors.  After filing the Petition and schedules, the Debtor failed to complete the required course in financial management and the case was closed without a discharge on May 7, 2025.  (Order of Final Decree, ECF Doc. # 30.)

According to the Motion, the Debtor defaulted under their loan security agreement and a foreclosure action was scheduled by The Hamilton Owners Corporation, the corporate entity for the building in which the Property is located, for January 7, 2026.  (Motion ¶ 2, Ex. B.)  The Property—more specifically the 1,410 shares of capital stock and the lease allowing a party to reside in the Property—sold at auction on January 7, 2026, to Nationstar Mortgage LLC for $348,000.  (Motion Ex. C.)  Nationstar Mortgage later assigned the Property to the Movant on February 10, 2026.  (*Id.*)

Between the sale of the Property to Nationstar Mortgage and its assignment to the Movant, the Debtor, with the assistance of her nephew, filed a motion to reopen the Chapter 7 case (ECF Doc. #32) on January 8, 2026.  The Court entered an Order to Show Cause on January 28, 2026 (ECF Doc. # 34), seeking objections from any party for why the case should not be reopened.  Upon receiving no objection, the Court entered an order on February 5, 2026, reopening the case.  (ECF Doc. # 36.)  Notice was given to all creditors and interested parties that the case was reopened, including Nationstar Mortgage and the Hamilton Owners Cooperation.  (ECF Doc. # 40.)

On April 7, 2026, the Movant filed the Motion seeking to lift the automatic stay as it applies to the Property.  Attaching the Terms of Sale, Memo of Sale, and Certificate of Sale to the Motion (Motion Ex. C), the Movant claims that the automatic stay should be lifted as the Property, having been auctioned off prior to the reopening of the bankruptcy case and later being assigned to the Movant, is no longer a part of the bankruptcy estate.  (Motion ¶ 4.)

## II.   LEGAL STANDARD

The Bankruptcy Code imposes an automatic stay of nearly all litigation against the debtor.  11 U.S.C. § 362(a).  Section 362(a)(2) imposes the stay "against the debtor or against property of the estate."  *Id*.  The stay "expires when the property is no longer property of the estate."  3 COLLIER ON BANKRUPTCY ¶ 362.06 (16th 2026) (citing 11 U.S.C. § 362(c).)  "The stay of any other act under section 362 expires at the earlier of the time that (1) the case is closed, (2) the case is dismissed or (3) the debtor receives a discharge."  3 COLLIER ON BANKRUPTCY ¶ 362.06 (16th 2026) (citing 11 U.S.C. § 362(c)(2)).

Section 362(d) of the Bankruptcy Code enumerates several bases for "terminating, annulling, modifying, or conditioning such stay" beyond those listed in section 362(c)(2).  11 U.S.C. § 362(d).  Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> . . . .
>
> (2)  with respect to a stay of an act against property under subsection (a) of this section, if--
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization;

*Id.*  Any party moving to lift the automatic stay must first establish a *prima facie* case that there is cause to lift the stay.  If a movant fails to demonstrate its *prima facie* case, the court must deny the request to lift the stay.  3 COLLIER ON BANKRUPTCY ¶ 362.10 (16th ed. 2016).  Once the creditor makes a *prima facie* case, the burden shifts to the debtor on all other issues.  *In re*

3

*Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994); 3 COLLIER ON BANKRUPTCY ¶ 362.10.

### III.   DISCUSSION

The Property was sold at auction on January 7, 2026.  The Debtor's bankruptcy case was closed without a discharge on May 7, 2025.  Upon the closure of the case without a discharge, the Debtor's property was no longer subject to the automatic stay.  3 COLLIER ON BANKRUPTCY ¶ 362.06 (16th 2026) ("Once the case is closed or dismissed, there is no reason to continue the protection of the stay. Indeed, the court retains no further jurisdiction to reinstate or continue the stay.")  As Property was sold after the case was closed and thus not in violation of the automatic stay as it would have applied to the Property prior to closure, and before the case being reopened on February 5, 2026 when the automatic stay would have applied had it not been sold, the Property is not part of the bankruptcy estate and the automatic stay does not apply.

Through this showing, the Movant has established good cause to lift the automatic stay and has therefore met their burden.

### IV.   CONCLUSION

The Court **GRANTS** the Motion.  The Property is not subject to the automatic stay and the Movant is permitted to continue to effectuate its possession.

**IT IS SO ORDERED.**

Dated:    April 28, 2026
          New York, New York

                    *Martin Glenn*
                    MARTIN GLENN
          Chief United States Bankruptcy Judge

4